UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EUGENE WRUBEL and
LORELEI WRUBEL

       Plaintiffs                                           Case No. 1:12-cv-397

                                                                 Hon. Robert J. Jonker

v.

SANTANDER CONSUMER USA INC.          **FIRST AMENDED COMPLAINT**
                                                                   and    **JURY DEMAND**

       Defendants

## I. Introduction.

1.    This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (TCPA).

## II. Jurisdiction

2.    This court has jurisdiction over the FDCPA claims under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. The court has jurisdiction over the TCPA claims under 28 U.S.C. § 1331. The court has jurisdiction over then state law claims under 28 U.S.C. §1367. Venue in this district is proper because defendant transacts business here and the conduct complained of occurred here.

## III. Parties

3.    Eugene Wrubel and Lorelei Wrubel, plaintiffs, are naturals person residing in Howard City, Michigan, in the Western District of Michigan.

4. Defendant, Santander Consumer USA, Inc. (Santander), is an Illinois corporation doing business in the state of Michigan and within the Western District of Michigan.

5. Santander is engaged in the collection of debts from consumers using the mail and/or telephone. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. Factual Allegations

6. In 2007, plaintiff Eugene Wrubel entered into a retail installment contract with Sparta Chevrolet for the purchase of a Chevrolet pickup truck.

7. The truck that was the subject of the transaction was primarily for personal, family, or household purposes, and the obligation was a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a (5).

8. Defendant Santander allegedly was assigned the obligation some time after the sale.

9. The debt was allegedly in default at the time it was assigned to Santander.

10. Defendant charged the plaintiff a late fee each month even though most or all payments were made automatically through plaintiff's bank and were made on time.

11. In about September, 2011, defendant began making telephone calls to Lorelei Wrubel's cellular phone in attempt to collect the debt allegedly owed by Eugene Wrubel.

12. Lorelei Wrubel repeatedly told defendant that Eugene Wrubel did not use that phone and asked defendant to stop calling.

13. Defendant continued to call Lorelei Wrubel's cellular phone, as many as 13 times in a day.

14. From about December, 2011 until April, 2012 defendant made numerous phone calls to the telephone shared by Eugene and Lorelei Wrubel.

15. Defendant called as many as 17 times in a day. On December 25, 2011, defendant called 6 times.

16. On or about February 5, 2012, Eugene Wrubel notified the defendant, in writing, to stop the phone calls.

17. Defendant continued to call, numerous times each day, until mid April, 2012.

18. Defendant's repeated phone calls were intended to annoy, abuse or harass the plaintiffs.

19. Defendant failed to send the plaintiff a written notice including the statement that:

    a. Unless the consumer disputes the debt within 30 days, the collector will assume the debt is valid, and

    b. If the consumer notifies the debt collector in writing within 30 days that the debt, or any portion thereof is disputed, the debt collector will obtain verification

20. Defendant often failed to provide meaningful disclosure of the caller's identity and used different telephone numbers in attempt to disguise its identity.

21. In approximately January, 2012, defendant telephoned called another person, Timothy Gleason, in connection with its attempt to collect a debt from plaintiff Eugene Wrubel.

### V.  Claims

**Count 1, violation of 15 U.S.C. § 1692d(5), Lorelei Wrubel**

22. Plaintiffs incorporate the previous paragraphs by reference.

23. By causing Lorelei Wrubel's  telephone to ring or engaging Lorelei Wrubel in telephone conversations repeatedly or continuously, with the intent to annoy, abuse or harass the persons at the number, defendant  violated 15 U.S.C. 1692d(5).

24. Defendant's communication with Lorelei Wrubel caused her inconvenience, annoyance and stress.

**Count 2, violation of 15 U.S.C. § 1692d(5).**

25.     Plaintiffs incorporate the previous paragraphs by reference.

26.     By causing Eugene Wrubel's telephone to ring repeatedly or continuously, with the intent to annoy, abuse or harass the persons at the number, defendant violated 15 U.S.C. 1692d(5).

27.     Defendant's communication with Eugene Wrubel caused both plaintiffs inconvenience, annoyance and stress.

**Count 3, violation of 15 U.S.C. § 1692c(b)**

28.     Plaintiffs incorporate the previous paragraphs by reference.

29.     By communicating with another party without the consent of the consumer, defendant violated 15 U.S.C. §1692c(b).

**Count 4, violation of 15 U.S.C. § 1692c(c)**

30.     By continuing to communicate with the plaintiff despite having been notified to cease such communication, defendant violated 15 U.S.C. § 1692c(c).

**Count 5, violation of 15 U.S.C. § 1692f**

31.     By attempting to collect numerous late fees when plaintiff's payments were not late, defendant collected amounts that were not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1592f(1).

**Count 6, violation of the Michigan Collection Practices Act**

32.     Plaintiffs incorporate the previous paragraphs by reference.

33.     Defendant is a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency. Defendant is a regulated person within the meaning of the Michigan Collection Practices Act, M.C.L § 445.251.

34. Defendant violated the Michigan Collection Practices Act by causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously or at unusual times or places, in violation of M.C.L. § 445.252(n).

35. Defendant's violations of the Act were willful.

**Count 7, violations of the Telephone Consumer Protection Act**

36. Plaintiffs incorporate the previous paragraphs by reference.

37. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to plaintiff's cellular phone.

38. None of the telephone calls were for emergency purposes as specified in 47 U.S.C. § 227(b)(1)(A).

39. Plaintiff Lorelei Wrubel did not give defendant prior express consent to call her cellular phone.

40. Defendant's calls were willful or knowing.

### VI.  Relief

WHEREFORE, Plaintiffs request:

A. Statutory damages in the amount of $1,000 for each plaintiff pursuant to 15 U.S.C. §1692k(a)(2).

B. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined by the court.

C. Actual or statutory damages for each of defendant's violations of the Telephone Consumer Protection Act pursuant to 15 U.S.C. § 227(b)(3).

D. Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

E. The greater of 3 times actual damages or $150.00, plus costs and reasonable attorney fees

pursuant to M.C.L. § 445.257

**Jury Demand**

Plaintiffs demand a trial by jury.

Dated <u>May 29, 2012</u>    <u>/s/ Michael O. Nelson</u>
Michael O. Nelson P23546
Attorney for plaintiff
1104 Fuller NE
Grand Rapids, MI 49503
(616) 559-2665
mike@mnelsonlaw.com